OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Section 397 (subd 2, par [b], cl [3]) of the Banking Law, which was designed to eliminate nepotism, does not violate plaintiff’s right of equal protection and due process of law. It does not interfere with his freedom to marry, because its focus is on marital relationships, not status (cf. Matter of Manhattan Pizza Hut v New York State Human Rights Appeal Bd., 51 NY2d 506, 512-514). Nor, simply because it precludes him from sitting as a director of one savings and loan institution, does it interfere with his right to pursue his chosen profession. Moreover, the statute is a rational exercise of the State’s police power, reasonably calculated to achieve its goal of eliminating nepotism in the savings and loan industry (see Memorandum of State Banking Dept, NY Legis Ann, 1971, p 110; see Minnesota v Clover Leaf Creamery Co., 449 US 456, reh den 450 US 1027; Town of North Hempstead v Exxon Corp., 53 NY2d 747).
*855 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed, with costs, in a memorandum.